EDWARD DWAYNE SARGENT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sargent v. Commissioner
Docket No. 4289-91
United States Tax Court
T.C. Memo 1992-373; 1992 Tax Ct. Memo LEXIS 395; 63 T.C.M. (CCH) 3205; June 30, 1992, Filed *395 An appropriate order will be entered. R mailed a statutory notice of deficiency for 1986 to the address on P's 1985 income tax return. After the notice of deficiency was mailed, P filed his 1986 tax return. Held, the notice of deficiency was mailed to P's last known address. Eva P. Britt, for petitioner. Susan T. Mosley, for respondent. NIMS
NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the taxable year 1986, petitioner having petitioned for a redetermination of respondent's determinations for both 1986 and 1987. Respondent argues that, as to 1986, the petition was not timely filed. Petitioner does not dispute that claim but contends that the notice of deficiency is invalid because it was not sent to petitioner's last known address as required by section 6212(b)(1). (All section references are to sections of the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) FINDINGS OF FACT The relevant facts are not in dispute. Petitioner resided in Washington, D.C., when he filed his *396 petition. On November 10, 1988, petitioner mailed his 1985 income tax return to the I.R.S. The 1985 tax return reported petitioner's address as "P.O. Box 29631, Washington, D.C. 20017". On July 31, 1990, respondent, by certified mail, sent a statutory notice of deficiency with respect to 1986 (1986 notice) to petitioner at the P.O. Box 29631 address. Petitioner did not receive the notice of deficiency. On August 14, 1990, petitioner mailed his 1986 tax return. The Internal Revenue Service received petitioner's 1986 tax return on August 23, 1990. The return shows petitioner's address as "P.O. Box 91262, Washington, D.C. 20090". Petitioner did not file a tax return or a notice of change of address between the time he filed his 1985 tax return and the time he filed his 1986 tax return. Beginning on October 12, 1990, respondent sent several collection notices to petitioner with respect to the 1986 taxable year which were addressed to petitioner at his new address. On December 7, 1990, respondent mailed a notice of deficiency for taxable year 1987 (1987 notice) to petitioner at his new address. On March 7, 1991, petitioner filed a petition contesting respondent's deficiency *397 determinations with respect to both 1986 and 1987. The petition was filed within 90 days of the mailing of the 1987 notice, but 219 days after the mailing of the 1986 notice. OPINION Section 6213(a) provides that a petition must be filed within 90 days (or 150 days if the notice is addressed to a person outside of the United States) after the notice of deficiency is mailed. As to 1986, the petition was not timely filed. However, it is well settled that to maintain an action in this Court there must be both a valid notice of deficiency and a timely petition. . Section 6212(b)(1) provides that a notice of deficiency shall be sufficient if it is mailed to the taxpayer at his last known address. The phrase "last known address" as used in section 6212(b)(1) is not defined by the Code or regulations. However, this Court has held that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return unless respondent has been given clear and concise notification of a different address. . Petitioner does not *398 argue that at the time the 1986 notice was mailed respondent had knowledge of an address other than the one on his 1985 tax return. Rather, petitioner asserts that his 1986 tax return, filed after the 1986 notice was sent, notified respondent that petitioner wished the new address to replace the old address. According to petitioner, because of the subsequent notification, due diligence requires respondent to issue another notice of deficiency to petitioner at the new address as shown on the 1986 tax return. We disagree. Section 6212(b)(1) focuses on the information available to respondent at the time the notice of deficiency is mailed to the taxpayer's last known address, not on information received later. . Nothing in the Code requires respondent to take additional steps to effectuate delivery. , affg. . Therefore, the pivotal date for determining respondent's knowledge of a taxpayer's last known address is the date of the mailing of the notice of deficiency. . *399 When respondent mailed the 1986 notice petitioner's last known address was the address as shown on the 1985 tax return: P.O. Box 29631, Washington, D.C. 20017. Therefore, under the above-cited cases, respondent mailed the 1986 notice to petitioner's last known address. Petitioner refers us to , and , in support of his contention that the 1986 notice was not sent his last known address. Petitioner argues that these cases require that respondent issue another notice of deficiency if the Internal Revenue Service receives evidence that a taxpayer has changed his address, even if the information is received after the notice of deficiency was sent. Neither case supports this argument. Furthermore, this Court has held in , that: We agree that after respondent becomes aware of a taxpayer's change of address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. However, this obligation arises only if respondent becomes *400 aware of an address change prior to mailing the deficiency notice to the taxpayer's last known address. * * * [Citations omitted.] Petitioner did not file his petition within 90 days of the mailing of the 1986 notice, which was mailed to his last known address. Therefore, pursuant to sections 6213(a) and 7502, so much of the petition as relates to taxable year 1986 was not timely filed, and respondent's motion to dismiss for lack of jurisdiction and to strike as to the taxable year 1986 will be granted. An appropriate order will be issued.